IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF                            CIVIL ACTION
    REHAP HOSHAN                    :
                                    :
                                    :
                                    :
                                    :    NO. 07-2931

MEMORANDUM & ORDER

McLaughlin, J.                                  January 7, 2008

      Appellant Rehap Hoshan appeals from the bankruptcy court's dismissal of her chapter 13 bankruptcy petition on April 23, 2007, its denial of her application to vacate the dismissal order on May 3, 2007, and its denial of her motion for reconsideration on June 4, 2007.

      A district court has jurisdiction to hear appeals from final orders of a bankruptcy court.  28 U.S.C. § 158(a)(1) (2000).  In reviewing an order of the bankruptcy court, a district court applies a clearly erroneous standard to the bankruptcy court's findings of fact and a de novo standard to the bankruptcy court's legal conclusions.  In re Sharon Steel Corp., 871 F.2d 1217, 1222 (3d Cir. 1989).

      The issue on appeal is whether the bankruptcy court has abused its discretion in dismissing the appellant's petition and denying her motion for reconsideration.  The Court concludes that the bankruptcy court has not abused its discretion and will affirm the bankruptcy court's decision.

Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCA"), an individual debtor filing for bankruptcy under chapter 13 must receive credit counseling from an approved agency during the 180 days before she files her petition.  11 U.S.C. § 109(h)(1) (2006).  To demonstrate compliance with this new requirement, a debtor must file with her petition a certificate identifying the agency, describing the services provided, and including a copy of any debt repayment plan.  Id. § 521(b).

There are three exemptions to this requirement:  First, those debtors who live in a district where the United States trustee or bankruptcy administrator determines that the nonprofit agencies are not reasonably able to provide adequate services are exempt.  Id. § 109(h)(2).  Second, a debtor can file for an exemption describing exigent circumstances and a failed request for counseling.  Id. § 109(h)(3).  Third, there is an exemption for those who are incapacitated, disabled, or on active military duty.  Id. § 109(h)(4).

The appellant filed her petition on March 30, 2007, without attaching the credit counseling certification, bankruptcy schedules (except for Schedule D), statement of financial affairs, statement of current monthly income, or her proposed chapter 13 plan.  She did not request an exigent circumstances exemption or an extension.  That same day, the bankruptcy court

issued an order informing the appellant of the filing defects and instructing her to provide some of the required documents by April 6, 2007, and other required documents by April 14, 2007. On April 23, 2007, when none of the documents had arrived, the court dismissed the case.  Between April 25, 2007, and April 30, 2007, the appellant filed the required documents.  Memorandum of the United States Bankruptcy Court for the Eastern District of Pennsylvania, Bankr. No. 07-11889bif, June 29, 2007, at 1-4.[1]

On April 30, 2007, the appellant filed an "Application to Reinstate Chapter 13 Petition," explaining that she had seven children at home, which made it difficult to get her documents in order.  The bankruptcy court denied her application on May 3, 2007, pointing out that she had neither timely filed her documents nor filed for an extension.  Bankr. Mem. at 6.

On May 14, 2007, the appellant filed a Motion for Reconsideration, arguing that her delay in filing the required documents should not be cause for dismissal.  She said that her husband had been injured in a fall and needed extra help at the time when she should have sought an extension.  The bankruptcy court denied the appellant's motion on June 4, 2007, pointing out that the documents belatedly filed were still defective:  the appellant had never filed her creditor mailing matrix and her credit counseling certificate showed that she received counseling

---

[1]     Hereafter Bankr. Mem.

3

on April 3, 2007, after she filed her bankruptcy petition, rather than before she filed the petition, as required by § 109(h)(1). Bankr. Mem. at 7.

The appellant filed her appeal with this Court on October 12, 2007.  She argues that the bankruptcy court has abused its discretion in dismissing her bankruptcy petition and denying her motions.  She points to Bankruptcy Rule 9006(b)(1), which allows a court discretion to allow late filing where failure to timely file "was the result of excusable neglect" and to Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993), which holds that "excusable neglect" includes inadvertence and mistake, not just circumstances beyond a party's control.  The appellant contends that her family situation caused her to miss the filing deadlines and that her lateness should have been considered excusable neglect by the bankruptcy court.

The appellant makes a persuasive case that her situation could have excused her from timely filing all of her documents.  See In re Schultz, 254 B.R. 149, 154 (B.A.P. 6th Cir. 2000) (holding that the failure of an attorney to timely file bankruptcy papers because his wife was seriously ill was due to excusable neglect).  The real issue in this case, however, is not the late filing.  The real issue is that the appellant did not receive credit counseling before she filed her bankruptcy

petition on March 30, 2007, as required under § 109(h)(1).

The credit counseling requirement is not jurisdictional. Montgomery v. Ryan, 37 F.3d 413, 415 n.5 (8th Cir. 1994) ("Section 109 determines eligibility for bankruptcy relief, not jurisdiction."). Most courts have concluded that dismissal is mandated when a debtor has not complied with the credit counseling requirements. See In re Hedquist, 342 B.R. 295, 301 (B.A.P. 8th Cir. 2006); In re Ruckdaschel, 364 B.R. 724, 730 (Bankr. D. Idaho 2007); In re Seaman, 340 B.R. 698, 706 (Bankr. E.D.N.Y. 2006); In re Wallace, 338 B.R. 399, 401 (Bankr. E.D. Ark. 2006); In re Ross, 338 B.R. 134 (Bankr. N.D. Ga. 2006).

Some courts have waived the credit counseling requirements to avoid manifest injustice. See In re Manalad, 360 B.R. 288, 296 (Bankr. C.D. Cal. 2007) (debtor's counsel mistakenly advised him that his non-consumer debts were not subject to the requirements); In re Vollmer, 2007 WL 541747 (Bankr. E.D. Va. 2007) (debtor was incarcerated at the time he filed his petition and had no access to a credit counselor); In re Petit-Louis, 344 B.R. 696 (Bankr. S.D. Fla. 2006) (debtor spoke only Creole and no Creole-speaking credit counselor was available); In re Bricksin, 346 B.R. 497 (Bankr. N.D. Cal. 2006) (debtors had set up a payment plan with a credit counseling agency and had been making payments but failed to file the certificate with their bankruptcy petition).

5

The Court is sympathetic to the challenges the appellant faces as the mother of seven children and as the primary caretaker for her injured husband.  The law is clear, however, that a debtor must get credit counseling before filing the bankruptcy petition.  If a debtor faces exigent circumstances and cannot comply with the requirements, she may request a waiver.  The appellant did not get credit counseling until after she had filed her petition, and she did not seek an exigent circumstances waiver.  Her family situation, while difficult, does not rise to the level of those cases in which courts avoid manifest injustice by waiving the credit counseling requirements.

The bankruptcy court did not abuse its discretion when it dismissed the appellant's bankruptcy petition and denied her motion for reconsideration on the ground that she had not complied with the credit counseling requirements in § 109(h).

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF                    :        CIVIL ACTION
   REHAP HOSHAN                      :
                                     :
                                     :
                                     :        NO. 07-2931

ORDER

AND NOW, this 7th day of January, 2008, upon consideration of the appeal by Rehap Hoshan of the Bankruptcy Court's Orders of April 23, 2007, May 3, 2007, and June 4, 2007; the appellant's brief; and the Bankruptcy Court's Memorandum of June 29, 2007; it is hereby ORDERED that for the reasons set forth in the accompanying memorandum of law, the Bankruptcy Court's Orders of April 23, 2007, May 3, 2007, and June 4, 2007, are AFFIRMED.

BY THE COURT:

Mary A. McLaughlin, J.